

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARD WATER DISTRICT, | No.    14-56943 |
| Plaintiff-Appellant, | D.C. No.<br>3:13-cv-02727-JM-PCL |
| v. | |
| JAMES DAVEY AND ASSOCIATES,<br>INC., an Arizona Corporation; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Argued and Submitted November 8, 2016
Pasadena, California

Before:  WARDLAW and BYBEE, Circuit Judges, and BELL,** District Judge.

Bard Water District (Bard) appeals the Rule 12(b)(6) dismissal of its claims

against James Davey and Associates (Davey) for breach of contract and breach of

fiduciary duty.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We affirm the

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Robert Holmes Bell, United States District Judge for
the Western District of Michigan, sitting by designation.

dismissal of Bard's breach of contract claim but reverse the dismissal of its breach of fiduciary claim.

1. The district court determined that "the project document was not, on its face, a contract between the parties." Finding that "there was no language in the document suggesting a contractual relationship between Plaintiff and Defendants," the district court properly concluded that, because there was no contract between the parties, Bard failed to state a claim for breach of contract.

2. The district court further found that Bard "adequately alleged the existence of a fiduciary relationship," but nevertheless dismissed the claim because it concluded the claim was "based solely on Defendants' alleged failure to comply with the specific duties of the project engineer as described in the project document," the same allegations underlying the breach of contract claim. But, under California law, a fiduciary relationship, such as agent to principal, can exist separate and apart from a contractual relationship. *See, e.g.*, *Stephenson v. Drever*, 16 Cal. 4th 1167, 1179 (1997). The district court incorrectly concluded that, because the project document was not a contract, Bard failed to state a claim for breach of fiduciary duty. Bard's fiduciary breach allegations are sufficient to survive a Rule 12(b)(6) motion.

3.     Davey argues on appeal that both of Bard's claims are barred by its failure to comply with California's certificate of merit requirements. *See* Cal. Code Civ. P. § 411.35. In federal diversity cases, only substantive state law applies to state claims; procedural state law does not. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Because the certification required by Cal. Code Civ. P. § 411.35 is procedural in nature, it is inapplicable here. *See Apex Directional Drilling, LLC v. SHN Consulting Eng'rs & Geologists, Inc.*, 119 F. Supp. 3d 1117, 1128–30 (N.D. Cal. 2015) (finding that the statute is not outcome determinative, and is therefore procedural); *Rafael Town Ctr. Investors v. Weitz Co.*, No. C 06-6633 SI, 2007 WL 1577886, at *4 (N.D. Cal. May 31, 2007) (finding that Cal. Code Civ. P. § 411.35 does not contain substantive elements of a professional negligence claim, does not limit recovery in any way, and is "somewhat similar" to other procedural state laws, and is therefore procedural).

4.     Davey further argues on appeal that Bard's claims are barred by the statute of limitations. In California, courts look to the "gravamen" of the complaint to determine which statute of limitations applies. *Hensler v. City of Glendale*, 8 Cal. 4th 1, 22 (1994). The gravamen of Bard's complaint is breach of fiduciary duty. California's Code of Civil Procedure establishes a four-year statute of limitations for most written agreements. Cal. Code Civ. P. § 337. It does not

specify a statute of limitations for breach of fiduciary duty, so the residual four-year statute of limitations governs such claims. Cal. Code Civ. P. § 343. The parties agree that the statute of limitations began to run on November 15, 2009, when Bard claims that it discovered the alleged breaches of contract and fiduciary duty. Bard filed its first complaint on November 13, 2013, within the four-year period. Thus, its claims are not time-barred.

**AFFIRMED IN PART, REVERSED IN PART; REMANDED.**